# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-04264 PA (MAAx) | Date | July 8, 2021 |
|---|---|---|---|
| Title | Chinonso Ohuche v. Autovest, LLC, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None    None

**Proceedings:**    IN CHAMBERS    COURT ORDER

On May 21, 2021, defendant Autovest LLC ("Autovest") filed a Notice of Removal removing this case to this Court. (Dkt. No. 1.) Autovest alleged this Court had subject matter jurisdiction over this case based on federal question because plaintiff Chinonso Ohuche ("Plaintiff") asserted a claim under the Fair Debt Collection Practices Act ("FDCPA") against defendants Patrick K. Willis Company, Inc. dba American Recovery Service ("ARS") and Coastline Recovery Services, Inc. ("CRS").

On June 2, 2021, Plaintiff dismissed his claims against defendants ARS and CRS. (Dkt. No. 13.) According to Plaintiff and Autovest's Joint 26(f) Report, "[a]ll that remains in this case are state law claims." (Dkt. No. 14 at 3.) Plaintiff and Autovest state in their Joint 26(f) Report that "the parties believe that this Court still has subject matter jurisdiction over this action because "Autovest timely filed its initial notice of removal, there is complete diversity between the parties (plaintiff is a California resident and Autovest is a Michigan company) and the amount in controversy exceeds $75,000, and [P]laintiff's voluntary dismissal of the FDCPA claim was a subsequent change to this case which does not impact the propriety of Autovest's removal and this Court's subject matter jurisdiction over this action." (Id.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, the parties must show that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd.,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-04264 PA (MAAx) | Date | July 8, 2021 |
|---|---|---|---|
| Title | Chinonso Ohuche v. Autovest, LLC, et al. | | |

704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

In their Joint 26(f) Report, Plaintiff and Autovest state "Plaintiff is a California resident." Because an individual is not necessarily domiciled where he or she resides, the parties' allegations regarding Plaintiff's citizenship, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship. In addition, in their Joint 26(f) Report, Plaintiff and Autovest state "Autovest is a Michigan company." As an LLC, Autovest's citizenship is determined by its members, which the parties have not alleged. The Court therefore concludes that the parties have failed to adequately establish in their Joint 26(f) Report that this Court has jurisdiction over this action based on diversity. .

Further, the Court no longer has jurisdiction over this case based on federal question, which was the only basis for this Court's jurisdiction in Autovest's Notice of Removal. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See Rutherford v. Ara Lebanese Grill, 18-cv-01497, 2019 WL 1057919, at *3 (S.D. Cal. Mar. 6, 2019) ("Under § 1367(b), federal district courts may decline to exercise supplemental jurisdiction over a state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Because the Court has dismissed all federal claims over which it possessed original subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims. The action is remanded to Los Angeles County Superior Court, Case No. 21STCV14766.

IT IS SO ORDERED.